UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  07-80637-CIV-RYSKAMP\VITUNIC

BEVERLY BARTLEY,

    Plaintiff,
vs.

STARWOOD HOTELS & RESORTS
WORLDWIDE, INC., d/b/a THE
WESTIN HOTEL, Fort Lauderdale,

    Defendant.
_____/

## ORDER GRANTING REMAND

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand **[DE 2]** filed on July 26, 2007.  Defendant responded **[DE 4]** on August 9, 2007.  Plaintiff never filed a reply. Thus, this motion is ripe for adjudication.  For the reasons that follow, Plaintiff's motion is granted.

28 U.S.C. § 1446(b) requires that a removing defendant exercise his or her right to remove a case to federal court within thirty days after defendant received the complaint.  If the complaint does not indicate that the case is removable, then the defendant has thirty days from the time defendant could first ascertain that the case is removable.  The thirty day time limitation is not jurisdictional but is a formal rule of procedure that cannot be modified or extended by the parties or the court.  *Leibig v.* DeJoy, 814 F.Supp. 1074, 1076 (M.D. Fla. 1993); *Friedrich v. Whittaker Corp.*, 467 F.Supp 1012, 1014 (S.D. Tex. 1979).  Failure to timely file the notice of removal is ground for remand so long as the timeliness defect has not been waived.  *Northern Illinois Gas Co. V. Air-co Indus. Gasses*, 676 F.2d 270, 273 (7th Cir. 1982).

If the jurisdictional amount is unclear in the complaint, courts will look to the notice of removal as well as any post-removal evidence to determine if the jurisdictional amount was satisfied at the time of removal. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). An action arises under federal law when the face of the complaint makes federal jurisdiction apparent. *Merrell Dow Pharmaceuticals v. Thompson*, 478 U.S. 804, 808 (1986). Removal statutes are strictly construed and any uncertainty is resolved in favor of remand. *Burns v. Windson Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Plaintiff filed her complaint in state court on March 13, 2007. Defendant admits that Plaintiff served it a copy of the complaint on March 20, 2007. In paragraph two of the complaint, Plaintiff clearly stated that she was a resident of Florida, and more specifically Palm Beach County. Plaintiff, in paragraph one, states that the claim exceeds $15,000. Plaintiff also alleged that she filed the negligence action against Defendant for having received a spider bite while at Defendant's hotel. As a result, she had a fever, went to the hospital and underwent surgery. She alleged that she suffered "pain, mental anguish, scarring, disfigurement, and loss of enjoyment of life, incurred medical expense in the treatment of the injuries, suffered physical handicap and disability, suffered aggravation of a previously existing condition, and her working ability was impaired. The injuries were either permanent or continuing in nature and the Plaintiff will suffer the losses and impairment in the future."

Defendant, however, waited until June 18, 2007 to remove the case to this Court. Defendant argues that it needed to obtain admissions from Plaintiff that she was diverse in citizenship and that the amount in controversy was over $75,000 before federal jurisdiction was apparent. This is not the case. The face of the complaint clearly established that Plaintiff was a resident of this state and that her claim was over $15,000. It also establishes the injuries that she

claims to have suffered.  If Defendant thought that her claim could warrant an award in excess of $75,000.00, Defendant should have removed the case at that time.  Defendant would then have to prove, though the notice of removal and any post-removal evidence, that the amount in controversy was sufficient to confer federal jurisdiction.  Since Defendant chose to wait longer than thirty days, the time for removal has expired.  Accordingly, it is hereby,

ORDERED AND ADJUDGED that Plaintiff's Motion to Remand **[DE 2]** is GRANTED.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 24 day of September, 2007.

        /s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies provided:
All counsel of record